**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kayla Hayden**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Adia Solutions, LLC**, | |
| Defendant. | |

Plaintiff, Kayla Hayden ("Plaintiff" or "Kayla Hayden"), sues the Defendant, Adia Solutions, LLC, ("Adia Solutions, LLC" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendant.

8. On information and belief, at all material times, Defendant Adia Solutions, LLC is a Delaware limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Adia Solutions, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Adia Solutions, LLC owned and operated as "Adia," a national on-demand staffing agency doing business in Phoenix, AZ.

10. Under the FLSA, Defendant Adia Solutions, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Adia Solutions, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Adia Solutions, LLC is subject to liability under the FLSA.

11. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13. At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

14. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15. At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

16. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

17. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18. Plaintiff, in her work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19. At all relevant times, Plaintiff, in her work for Defendant, was engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiff, in her work for Defendant, was engaged in interstate commerce.

21. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22. Defendant owns and/or operates as Adia, an enterprise doing business in Maricopa County, Arizona.

23. Plaintiff was hired by Defendant on approximately January 31, 2022.

24. Defendant placed Plaintiff in a position performing general labor for the Hertz Rental Car company.

25. At all relevant times, Defendant was responsible for compensating Plaintiff for work performed.

26. At all relevant times, Plaintiff worked for Defendant through approximately February 13, 2022, when the Hertz Car Rental company terminated Plaintiff's employment.

27. At all relevant times in her work for Defendant, and on information and belief, Plaintiff worked under the job title "general laborer."

28. Defendant, in its sole discretion, paid Plaintiff approximately $22 per hour.

29. Defendant classified Plaintiff as W-2 employee.

30. Plaintiff's final workweek working for Defendant was approximately the week of February 7, 2022 through February 13, 2022.

31. During Plaintiff's final workweek with Defendant, Plaintiff worked approximately 48.38 hours through February 12, 2022.

32. On or about February 13, 2022, Plaintiff clocked in at approximately 7 a.m.

33. On or about February 13, 2022, Plaintiff worked approximately 10 hours for Defendants.

34. On or about February 13, 2022, Plaintiff inadvertently did not clock out after her approximately 10-hour shift.

35. Defendant failed to compensate Plaintiff any wages whatsoever for the February 13, 2022, shift during the final workweek of her employment with Defendant.

36. Therefore, for the February 13, 2022, shift during the final workweek of her employment with Defendant, Defendant did not pay Plaintiff any wages whatsoever.

37. As a result of not having paid Plaintiff any wages whatsoever for the final shift of the final workweek of her employment, and because Plaintiff had already worked approximately 48.38 hours that workweek, Plaintiff was not paid an overtime premium for approximately 10 hours worked that workweek in excess of 40 hours.

38. As a result of not having paid Plaintiff any wages whatsoever for the final shift of her employment, Plaintiff was not paid wages at her regular rate of pay.

39. To date, Defendant has still paid no wages whatsoever to Plaintiff for such hours worked.

40. As a result of not having paid any wage whatsoever to Plaintiff during the February 13, 2022 shift of her final workweek with Defendant, Defendant failed to pay Plaintiff her required overtime premium for approximately 10 hours worked that workweek in excess of 40 hours, in violation of 29 U.S.C. § 207(a).

41. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 207(a).

42. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AWA, A.R.S., § 23-351.

43. Plaintiff was a non-exempt employee.

44. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff for such hours would violate federal and state law, and Defendant was aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendant's conduct constitutes a willful violation of the FLSA.

45. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Plaintiff worked approximately 10 hours for Defendants on February 13, 2022 for which she was not paid.

52. Plaintiff had already worked approximately 48.38 hours during her final workweek–between February 7, 2022 and February 12, 2022.

53. As a result of not paying Plaintiff any wage whatsoever for the February 13, 2022, shift during the final workweek of her employment with Defendant, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated overtime premium required.

54. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 207(a).

55. Plaintiff is therefore entitled to compensation for the full applicable overtime wage rate, at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kayla Hayden, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

       i.      Violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime for time spent working in excess of 40 hours in a given workweek;

      ii.     Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime for time spent working in excess of 40 hours in a given workweek;

B.    For the Court to award Plaintiff's unpaid overtime damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

56.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.    As a result of the allegations contained herein, Defendant did not compensate Plaintiff wages due and owing to him.

58.    Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

59. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendant.

60. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendant was aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the Arizona Wage Act.

61. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Kayla Hayden, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of March, 2022.

                         BENDAU & BENDAU PLLC

                         By: /s/ *Clifford P. Bendau, II*
                         Clifford P. Bendau, II
                         Christopher J. Bendau
                         *Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Kayla Hayden, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

                         *Kayla Hayden*
                         Kayla Hayden (Mar 14, 2022 14:14 PDT)
                         Kayla Hayden